UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SCOTT JOHNSON,<br><br>          Plaintiff,<br><br>v.<br><br>MOHINDER PAL; SATYA PAL;<br>GUSTAVO DELGADO RIOS; and<br>DOES 1 through 10, inclusive,<br><br>          Defendants. | CASE NO. 2:16-CV-00318 WBS CKD<br><br>STATUS (PRETRIAL SCHEDULING)<br>ORDER |

After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for September 12, 2016, and makes the following findings and orders without needing to consult with the parties any further.

I.   SERVICE OF PROCESS

The named defendants have been served, and no further service is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

1

## II.  JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings will be permitted by any party except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

## III. JURISDICTION/VENUE

Jurisdiction is predicated upon federal question jurisdiction, 28 U.S.C. §§ 1331, 1343, because plaintiff's claims arise under Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.  Supplemental jurisdiction over the claims brought under the Unruh Civil Rights Act, Cal. Civ. Code § 51, et seq, is predicated upon 28 U.S.C. § 1367.  Venue is undisputed and is hereby found to be proper.

## IV. DISCOVERY

The parties indicate they have served the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1). Any such disclosures not served shall be served no later than September 26, 2016.

The parties shall disclose experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) by no later than January 17, 2017.  With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed and reports produced in accordance with Federal Rule of Civil Procedure 26(a)(2) on or before February 6, 2017.

According to Federal Rule of Civil Procedure 33, a party may serve on any other party no more than twenty-five written interrogatories.  However, the court may grant leave to

1 | serve additional interrogatories to the extent it is consistent
2 | with Federal Rule of Civil Procedure 26(b)(1) and (2).  Fed. R.
3 | Civ. P. 33.  The Advisory Committee Notes to Rule 33 explain that
4 | the "aim is not to prevent needed discovery, but to provide
5 | judicial scrutiny before parties make potentially excessive use
6 | of this discovery device.  In many cases it will be appropriate
7 | for the court to permit a larger number of interrogatories in the
8 | scheduling order."  Id.  Here, plaintiff offers no explanation
9 | for why he requests leave to serve forty-five, rather than
10 | twenty-five, interrogatories.  As a result, the court denies
11 | plaintiff's request.
12 |         All discovery, including depositions for preservation
13 | of testimony, is left open, save and except that it shall be so
14 | conducted as to be completed by February 27, 2017.  The word
15 | "completed" means that all discovery shall have been conducted so
16 | that all depositions have been taken and any disputes relevant to
17 | discovery shall have been resolved by appropriate order if
18 | necessary and, where discovery has been ordered, the order has
19 | been obeyed.  All motions to compel discovery must be noticed on
20 | the magistrate judge's calendar in accordance with the local
21 | rules of this court and so that such motions may be heard (and
22 | any resulting orders obeyed) not later than February 27, 2017.
23 |         V.   MOTION HEARING SCHEDULE
24 |         All motions, except motions for continuances, temporary
25 | restraining orders, or other emergency applications, shall be
26 | filed on or before March 27, 2017.  All motions shall be noticed
27 | for the next available hearing date.  Counsel are cautioned to
28 | refer to the local rules regarding the requirements for noticing

and opposing such motions on the court's regularly scheduled law and motion calendar.

### VI. FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for June 5, 2017, at 1:30 p.m. in Courtroom No. 5. The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. Counsel shall file separate pretrial statements, and are referred to Local Rules 281 and 282 relating to the contents of and time for filing those statements. In addition to those subjects listed in Local Rule 281(b), the parties are to provide the court with: (1) a plain, concise statement which identifies every non-discovery motion which has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial days.

In providing the plain, concise statements of undisputed facts and disputed factual issues contemplated by Local Rule 281(b)(3)-(4), the parties shall emphasize the claims that remain at issue, and any remaining affirmatively pled defenses thereto. If the case is to be tried to a jury, the parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury.

### VII. TRIAL SETTING

The jury trial is set for August 8, 2017, at 9:00 a.m.

The parties estimate that a jury trial will last two to three days.

## VIII. SETTLEMENT CONFERENCE

The court referred this case to the Voluntary Dispute Resolution Program, but the parties were unable to reach a settlement. A Settlement Conference will be set at the time of the Pretrial Conference. All parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms. At least seven calendar days before the Settlement Conference counsel for each party shall submit a confidential Settlement Conference Statement for review by the settlement judge. If the settlement judge is not the trial judge, the Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

## IX. MODIFICATIONS TO SCHEDULING ORDER

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

Dated: September 9, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE